In the Matter of the METROPOLITAN COMPANY, Debtor.

Roger BUSH, Trustee, Plaintiff,

v.

CAMP HOSIERY, Defendant.

Bankruptcy No. 3-84-02493.

Adv. No. 3-87-0215.

United States Bankruptcy Court, S.D. Ohio, W.D.

April 4, 1988.

Roger Bush, Dayton, Ohio, trustee.

R.H. Hammond, Dayton, Ohio, for trustee, plaintiff.

William L. Norton, III, and Michael Harbers, Nashville, Tenn., for Genesco, Inc.

David T. Whitaker, Bowling Green, Ky., for Union–Underwear Co., Inc.

THOMAS F. WALDRON, Bankruptcy Judge.

This proceeding, which arises under 28 U.S.C. § 1334(b) in a case referred to this court by the Standing Order Of Reference entered by this district on July 30, 1984, is determined to be a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F)—proceedings to determine, avoid, or recover preferences. *Matter of Commercial Heat Treating Of Dayton, Inc.*, 80 B.R. 880, 888 (Bankr.S.D.Ohio 1987). This proceeding is before the court upon defendant's Motion To Dismiss (Doc. 6), plaintiff's Motion For Leave To Amend Complaint And Correct The Party Defendant (Doc. 15), the Response To Trustee's Motion For Leave To Amend Complaint By Genesco Inc., a party in interest to the trustee's motion to substitute parties (Doc. 16), the Motion To Appear On Behalf Of Genesco Inc. (Doc. 17), the Supplemental Memorandum In Support Of Motion Of Plaintiff (Doc. 19) and defendant's Re-

sponse To Trustee's Motion For Leave To Amend Complaint (Doc. 20).

## FACTS

On October 3, 1985, an Order was entered appointing Roger Bush as trustee for the estate of the debtor, The Metropolitan Company. On October 1, 1987, the trustee filed a Complaint To Recover Preference (Adversary No. 3–87–0218) naming Camp Hosiery as a defendant. The Certificate of Service contained in the Summons filed by the plaintiff on October 1, 1987 stated that "[O]n the 1st day of October, 1987, I served a copy of the within summons, together with the complaint filed in this proceeding, on Camp Hosiery defendant(s) in this proceeding by First Class, U.S. Mail (Rule 7004(b)) the said defendant(s) at P.O. Box 23530, Dept. 27, Nashville, Tennessee, 37202." (Doc. 2)

No answer was filed by Camp Hosiery within the statutory time frame, and, on November 10, 1987, the court entered an Order Setting Hearing On Default Or Dismissal Or Further Proceedings (Doc. 4). On November 30, 1987, an entity named Camp Hosiery Company, Inc., filed a Motion For Extension Of Time To File An Answer (Doc. 5), and a Motion To Dismiss And Answer (Doc. 6). On December 2, 1987, an Affidavit of Counsel For Plaintiff was filed which stated "[T]hat good Service of Summons may not have been perfected upon the Defendant herein as a result of an acquisition or merger of the Defendant corporation, Camp Hosiery, with or into another entity known as 'Union Underwear', ..." and, that "Affiant has no objection to an extension of time (to file a responsive pleading) and will concur in such application." (Doc. 7). Thereafter, an Agreed Order was entered allowing Camp Hosiery Company, Inc. leave to file its Answer. (Doc. 8A).

On January 14, 1988, the court entered an Agreed Order permitting David T. Whitaker to appear as attorney for Camp Hosiery Co., Inc. (Doc. 11).

On February 5, 1988, plaintiff filed a motion pursuant to F.R.C.P. 15(a) for leave to amend the complaint and correct the party defendant (Doc. 15). In response to plaintiff's motion to amend and correct the party defendant, on February 11, 1988, Genesco Inc., claiming to be a party in interest that would be affected by the Trustee's Motion To Amend, filed a Motion To Appear On Behalf Of Genesco Inc. (Doc. 17) and a Response To Trustee's Motion For Leave To Amend Complaint (Doc. 16) opposing "[T]he entry of the Order permitting the Trustee to substitute defendants or add an additional defendant ...". (Doc. 16 at 1).

Thereafter, on February 24, 1988, the plaintiff filed a Supplemental Memorandum In Support Of Motion Of Plaintiff (Doc. 19) and, Camp Hosiery Company, Inc. renewed its Motion To Dismiss (Doc. 20).

## ARGUMENTS OF THE PARTIES

Camp Hosiery Co., Inc., not the entity originally named in the complaint, seeks to dismiss the complaint for failure to state a claim upon which relief can be granted and failure to name the real party in interest.

In response, the plaintiff argued that it is necessary to amend the complaint "[I]n order to properly correct the name and identity of the Defendant herein," and, further moved "[P]ursuant to Rule 21 of the Federal Rules of Civil Procedure, to add an additional Party Defendant in the identity of Genesco, Inc., of Nashville, Tennessee as the parent company of the primary Defendant Camp Hosiery." (Doc. 15).

Genesco opposed any amendment for the reason that;

Genesco Inc. did not receive notice of the institution of the above Adversary Proceeding and had no reason to know of the commencement of that action within the limitation period provided under the Bankruptcy Code for the commencement of a preference action by a Trustee.

Furthermore, Plaintiff had reason to know that Camp Hosiery was at one time only a division of Genesco Inc. and that the proper service was on the corporation at its main office. A copy of the invoices on which payment was made by the Debtor is attached hereto. (Doc. 16 at 2)

In a supplemental memorandum the plaintiff argued;

[P]laintiff herein is simply seeking to perfect good service of summons and correct the identity of the proper Party Defendant, rather than attempting to actually substitute or add a Party Defendant. The undersigned recognizes that the Motion may have been equivocal upon that point, but respectfully submits to the Court that Plaintiff should be given an opportunity to more specifically identify the Defendant, as a division of Genesco, Inc., as the Defendant was at the time of the alleged preference payment, and to perfect service of summons upon that entity. (Doc. 19 at 2)

In response to the Trustee's Motion To Amend The Complaint, Camp Hosiery Company, Inc. argued,

This dispute arose before Union Underwear Company, Inc., purchased Genesco, Inc.'s Camp Hosiery division, which was not incorporated. The defendant named in the complaint no longer exists, and neither Union Underwear Company, Inc., nor Camp Hosiery Company, Inc. has assumed or succeeded to the liabilities of the named defendants. If any entity is liable for repayment of this allegedly preferential transfer, that entity would be Genesco, Inc.. The Trustee's Motion and Genesco's Response show that there is no remaining dispute on this point. Genesco's defense is based on the statute of limitations, and not on any claim that Camp Hosiery Company, Inc., is the proper defendant. This is clearly a dispute between the Trustee and Genesco only. (Doc. 20)

Neither the plaintiff nor Genesco filed a reply to this response.

## LAW

Fed.Rule Civ.P. 15 is made applicable to adversary proceedings by Bankr.R. 7015. Rule 15, which covers amendments and supplemental pleadings, is based upon the principle "[T]hat pleadings are not an end in themselves, but are only a means to the proper presentation of a case; that at all times they are to assist, not deter, the disposition of litigation on the merits."

Moore, Vestal, Kurland, *Moore's Federal Practice And Procedure* § 9.09[1] 1987 and Supp., *Matter of Schwartzman,* 63 B.R. 348, 352–56 (Bankr.S.D.Ohio 1986).

Rule 7015(a) governs amendments, and, in relevant part states:

(a) Amendments. A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and *leave shall be freely given when justice so requires.* (emphasis added).

While leave to amend shall be freely given when justice so requires; the "[D]ecision as to when 'justice requires' an amendment is within the discretion of the trial judge ...", *Martin v. Associated Truck Lines, Inc.,* 801 F.2d 246, 248 (6th Cir. 1986). The relevant matters for a court to consider include such factors as "[U]ndue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—.." *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).

It is apparent that the futility of a proposed amendment would include,

An amendment which would be subject to a motion to dismiss serves no purpose and leave to make that amendment may be denied. (citations omitted). A statute of limitations defense may be raised by way of a motion to dismiss. (citation omitted). Thus, leave may be denied when amendment would be futile because the motion to amend is filed after the limitations period has run, the limitations period is brought into issue, and the proposed amendments do not relate back, ..., or do not adequately allege a tolling of the limitations period or some excep-

tion to the limitations defense. *In re Mufti*, 61 B.R. 514, 517 (Bankr.C.D.Cal. 1986).

Section (c) of Rule 7015 sets forth the standard for determining whether to permit the amendment of a timely filed claim after expiration of the bar date and states, in relevant part:

An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party to be brought in by amendment, that party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

■ Accordingly, in order to correct the name of the defendant and have the amendment relate back to the date of the original pleading, thus enabling the amended complaint to be within the appropriate statute of limitations period, the newly named defendant must (1) receive notice of the starting of the action so that he will not be prejudiced in maintaining a defense and (2) know or should have known that, but for a mistake, the action would have been brought against him.

Section 546 of the Bankruptcy Code sets forth the appropriate statute of limitations period for this matter—"(a) An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of—

(1) two years after the appointment of a trustee under section 702, 1104, 1163, 1302, or 1202 of this title; or

(2) the time the case is closed or dismissed."

To determine when the two year period expires, the Sixth Circuit has stated that "The two-year limitations period begins to run on the date of the trustee's appointment and expires twenty-four months later, irrespective of whether the last day falls on a Saturday, Sunday or holiday.[9]" (footnote omitted) *In re Butcher*, 829 F.2d 596, 601 (6th Cir.1987).

Turning now to perfection of service and the proper identification of the party defendant, Rule 7004(h) governs amendment of process and states, "At any time in its discretion and upon such terms as it deems just, the court may allow any process or proof of service thereof to be amended, unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process issued."

In this proceeding, Bankr.R. 7004(h) and Bankr.R. 7015(a) and (c) must be read together to determine whether, in fact, a different entity is being added as a defendant, or whether plaintiff's motion is seeking to correct the name of the entity that had been timely served with the complaint.

"The 'misnomer' rule applies to situations in which the plaintiff has actually sued and served the correct party, the party he intends to sue, but merely mistakenly has used the wrong name of the defendant in the caption of the complaint.[2]" (footnote omitted) *Munetz v. Eaton Yale and Towne, Inc.*, 57 F.R.D. 476, 479 (D.E.D.Pa. 1973).

"Thus, the test is whether it is reasonable to conclude that plaintiff had in mind the proper entity or person, merely made a mistake as to the name, and actually served the entity or person intended; or whether the plaintiff actually meant to serve and sue a different person.[5]" (footnote omitted) *Id. See also, Simmons v. Fenton*, 480 F.2d 133 (7th Cir.1973).

■ In the event a misnomer occurs, a plaintiff will be permitted to amend the pleading and the amendment will relate back to the date of the original filing and service since the conditions of 7015(c) would be met. If, however, a plaintiff is seeking to add a new entity as a defendant, the requirements of Rule 7015(c) will not be met and the amendment will not relate back to the date of the original filing and service.

## DECISION

■ On October 3, 1985, the Trustee in Bankruptcy was appointed for the estate of the debtor. The last day to file a complaint in this case was October 3, 1987, 24 months from the date the trustee was appointed. 11 U.S.C. § 546, *In re Butcher*. The complaint at issue was filed October 1, 1987, and the motion to amend was filed February 5, 1988. Because the statute of limitations had run in this matter, in order to withstand a motion to dismiss, the amendment in question must relate back to the original filing date of October 1, 1987. Since the amendment in question seeks to add a defendant, the plaintiff must establish that the defendant, within two years (October 3, 1987) from the date of the appointment of the trustee (October 3, 1985), both received notice of the proceeding and must have known or should have known that, but for the mistake concerning the name of the proper party, the action would have been brought against him.

The plaintiff has not presented evidence to establish that between October 1 and Oct 3, 1987, the proposed defendant knew of the proceeding or should have known of the proceeding. The proposed defendant has, however, stated that "Genesco Inc. did not receive notice of the institution of the above Adversary Proceeding and had no reason to know of the commencement of the action within the limitation period provided under Bankruptcy Code for the commencement of the preference action by a Trustee." (Doc. 16 at 2) Accordingly, this court finds that the proposed amendment does not relate back to the original filing date.

Further, the court fails to find persuasive the plaintiff's "clarification" wherein plaintiff seeks "[T]o perfect good service of summons and correct the identity of the proper Party Defendant, rather than attempting to actually substitute or add a Party Defendant." (Doc. 19 at 2).

In this matter, in September of 1984, the time of the transfer which forms the basis of the allegations in the plaintiff's complaint, Camp Hosiery was an unincorporated division of Genesco Inc. In 1986, Genesco Inc. sold the assets of its unincorporated division, Camp Hosiery, to a new entity, Camp Hosiery Company, Inc., a corporation formed to acquire and operate the assets purchased from Genesco. One of the assets included in the purchase was P.O. Box 23530 in Nashville, Tennessee, an address previously used by Genesco's unincorporated division, Camp Hosiery, to collect payments on accounts. In 1986, the now incorporated division, Camp Hosiery Company, Inc. was sold to Union Underwear Co., Inc., and operated as a wholly or partially owned corporate division of Union Underwear Company, Inc.

At the time of the filing of the complaint, the parent company of Camp Hosiery, Genesco, was not receiving mail at P.O. Box 23530, Nashville, Tennessee. Camp Hosiery, as an unincorporated division of Genesco was no longer a business entity. The entity, Camp Hosiery Company, Inc. was a division of Union Underwear Co., Inc. and correspondence being received at P.O. Box 23530 in Nashville, Tennessee (the address to which service of the plaintiff's complaint was sent) was subject to the control of Union Underwear Co., Inc. and its headquarters in Bowling Green, Kentucky. As a result, plaintiff's complaint not only named a non-existent defendant; but, more importantly, service was made to a mailing address with which the potentially appropriate defendant, Genesco, no longer had any relationship, and from which it did not receive any mail.

Plaintiff now seeks to amend the complaint to either "add", "substitute", or "perfect good service and correct the identity of the proper Party Defendant, by identifying the defendant as a division of Genesco, Inc". Despite the plaintiff's linguistic advocacy, the effect of such an amendment would be to introduce, as a defendant in this adversary proceeding, a new and different entity—an entity who was not served, nor otherwise had knowledge of the existence of this proceeding within the applicable statutory period for bringing such an action. Such an addition would clearly materially prejudice Genesco (7004(h)), fail to meet the requirements of both 7015(c)(1)

and 7015(c)(2), and subject the complaint to a motion to dismiss that would be granted. While this court recognizes counsel for the plaintiff's concern that issues be determined on their merits, it must also be recognized that merit determinations include applicable statute of limitations defenses. *In re Butcher, In re Mufti.*

Accordingly, Plaintiff's Motion For Leave To Amend Complaint And Correct The Party Defendant is DENIED. As a result, the Motion To Appear On Behalf Of Genesco, Inc. is MOOT.

The remaining matter before the court concerns the Motion To Dismiss Of Camp Hosiery Company, Inc. (Doc. 6). This motion, having been filed November 30, 1987 and no responsive pleading having been received by this court, is HEREBY GRANTED. L.B.R. 5.4(b)

Accordingly, this adversary proceeding is DISMISSED.

An order in accordance with this decision is simultaneously entered.

SO ORDERED.