**In re COOK UNITED, INC., Debtor.**

**Robert D. STOREY, Trustee in Bankruptcy, Plaintiff,**

**v.**

**The CANNON GROUP, INC., fka Cannon Investments, Inc. fka Pro Distributing Co. fka Central Ohio Advertisers, Inc. fka Print Communications Group, Inc., Defendant.**

**Bankruptcy No. B87–1371.
Adv. No. B89–0727.**

United States Bankruptcy Court,
N.D. Ohio, E.D.

Aug. 15, 1990.

Dorothea M. Polster, M. Colette Gibbons, Cleveland, Ohio, for defendant.

Michael Zaverton, Cleveland, Ohio, special for the Trustee.

Jules L. Markowitz, McDonald, Hopkins, Burke & Haber Co., Cleveland, Ohio, for trustee.

## MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Bankruptcy Judge.

### I.

The matter before the Court is the motion of The Cannon Group, Inc. (Cannon) to dismiss the above-styled adversary proceeding as it was commenced after the applicable statute of limitation defined in 11 U.S.C. § 546(a). Upon review of the pleadings, arguments of counsel and the record, generally, the motion is hereby granted.

### II.

On April 22, 1987 Cook United, Inc. (Debtor) caused its Chapter 11 petition to be filed. The case was converted to a Chapter 7 proceeding on November 24, 1987. Robert D. Storey (Trustee) was appointed interim trustee in the Chapter 7 proceeding on November 24, 1987 and confirmed as permanent trustee at the meeting of creditors held on January 6, 1988.

The Trustee commenced an adversary proceeding against Print Communications Group, Inc. to avoid, as preferences, transfers made by the Debtor to Print Communications Group, Inc. within ninety days of the petition date. The summons and complaint were served at 2100 Tremont Centre, Columbus, Ohio 43221 on December 1, 1989.

On December 22, 1989, the Defendant filed a motion for leave to move or plead which the Court granted until January 23, 1990, on which date the Defendant filed a motion to dismiss the within adversary proceeding alleging it was not the proper party. The motion stated the Defendant had purchased the name Print Communications Group, Inc. from another entity now known as The Cannon Group, Inc. (Cannon) which was the recipient of the transfers.

On February 9, 1990, the Trustee requested, and the Court granted, leave to file an amended complaint and/or to substitute a party for the named Defendant. The Trustee's amended complaint was filed naming Cannon as a party defendant on February 26, 1990. Cannon now moves this Court to dismiss the subject adversary proceeding as it was commenced against Cannon after the applicable limitation period defined in 11 U.S.C. § 546(a). Cannon contends this motion is governed by Rule 15(c), Fed.R.Civ.P. made applicable by Rule 7015, Bankr.R. which addresses amendments to substitute new parties and relation back. However, the Trustee contends that Rule 15(c) is not applicable as its amended complaint to substitute a party for named defendant did not change parties but, instead, was an effort to obtain service on the party defendant named in the original complaint now known as Cannon and located at 509 South Otterbein Avenue, Westerville, Ohio 43081.

### III.

The principal dispositive issue is whether this adversary proceeding brought by the Trustee against Cannon was commenced timely.

### IV.

██ The time frame in which the Trustee must commence an action under 11 U.S.C. § 547(b) is governed by 11 U.S.C. § 546(a) which provides:

(a) an action or proceeding under section 544, 545, 547, 548 or 553 of this title may not be commenced after the earlier of—

(1) two years after the appointment of a trustee under section 702 or, 1104, 1163, 1302 or 1202 of this title; or

(2) the time the case is closed or dismissed.

The term "appointment of a trustee" refers to the appointment of a permanent trustee not the date of the interim appointment. *In re Butcher*, 829 F.2d 596, 601 (6th Cir.1987); *In re Metro Shippers, Inc.*, 95 B.R. 366, 368 (Bankr.E.D.Pa.1989); *In re Sin–Ko, Inc.*, 48 B.R. 180, 181 (Bankr.N. D.Ohio 1985); *In re Killian*, 24 B.R. 848 (Bankr.D.Idaho 1982). Therefore, the two-year period began on January 6, 1988 and expired on January 6, 1990.

▇ The Trustee contends this adversary proceeding was timely commenced as it was filed on November 22, 1989, well before the January 6, 1990 cut-off. Further, the Trustee argues that he had, pursuant to Rule 4(j), Fed.R.Civ.P., made applicable by Rule 7004(a), Bankr.R., 120 days to serve Cannon, and the amended complaint to substitute a party for the named defendant filed on February 26, 1990, was actually an effort to obtain good service within the 120–day time frame.

This Court is not persuaded by the Trustee's argument. The Trustee did not move for leave to file an amended complaint and/or to substitute a party for the named defendant until after it was brought to the Trustee's attention the wrong party had been named. The Trustee then filed his amended complaint naming Cannon as the defendant. In light of a motion to dismiss because the amended complaint was filed beyond the statute of limitation, the Trustee now wants this Court to ignore the styling and the reason for the motion that preceded this amended complaint, and treat such complaint as an artful mechanism to effectuate service. As the Court opined in *Matter of Metropolitan Co.*, 85 B.R. 783, 787 (Bankr.S.D.Ohio 1988), "This Court fails to find persuasive the plaintiff's declaration wherein plaintiff seeks to perfect good service of summons and correct the identity of the proper party defendant, rather than attempting to actually substitute or add a party defendant." The Trustee intended to and did, in fact, substitute parties with the filing of the amended complaint. The realization that the incorrect

party was named precipitated the filing of the amended complaint naming Cannon as the defendant. Finding the amended complaint substituting parties was filed after the two-year statute of limitation, this Court can exercise jurisdiction over this proceeding only if the amended complaint relates back to the date of the original complaint.

Rule 15(c), Fed.R.Civ.P., made applicable to Rule 7015, Bankr.R., governs relation back of amendments and provides:

(c) Relation Back of Amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party to be brought in by amendment, that party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

The delivery or mailing of process to the United States Attorney, or the United States Attorney's designee, or the Attorney General of the United States, or an agency or officer who would have been a proper defendant if named, satisfies the requirement of clauses (1) and (2) hereof with respect to the United States or any agency or officer thereof to be brought into the action as a defendant.

Rule 15(c) is amplified to state more clearly when an amendment of a pleading changing the party against whom a claim is asserted (including an amendment to correct a misnomer or misdescription of a defendant) shall "relate back" to the date of the original pleading. See Rule 15, Advisory Committee's Note. Relation back is inti-

mately connected with the policy of the statute of limitations. *Id.*

## V.

■ On January 6, 1988, the Trustee was permanently appointed for the Debtor's estate. The last day to file a complaint under 11 U.S.C. § 547(b) was January 6, 1990, two (2) years from the date the trustee was appointed. 11 U.S.C. § 546(a). The original complaint was filed November 22, 1989 and amended on February 26, 1990. Since the amended complaint added a new defendant, the Trustee must establish that Cannon within the two (2) year period received notice of the complaint and knew or should have known that, but for the mistake of the name, the action would have been brought against Cannon.

The Trustee has not presented evidence to establish Cannon knew or should have known of the original complaint. The Trustee fails to address the provisions of Rule 15(c) and its application to the present proceeding. Cannon, however, through the affidavits of its president and statutory agent states that it did not receive notice of the original complaint until February 6, 1989, one month after the statute of limitations had expired. Accordingly, the amended complaint does not relate back to the original filing.

While this Court recognizes the Trustee's concern that issues be determined on their merits, it must also be recognized that merit determinations include applicable statute of limitation defenses. *In re Butcher, supra; In re Mufti,* 61 B.R. 514 (Bankr.C.D. Cal.1986).

Accordingly, the Defendant's motion to dismiss the complaint, as amended, is hereby granted.

IT IS SO ORDERED.