In re HUPP INDUSTRIES, INC., Debtor.

The OFFICIAL COMMITTEE OF
UNSECURED CREDITORS,
Plaintiff,

v.

FOUR–O–FLUID POWER SALES,
INC., Defendant.

Bankruptcy No. 91–16229.
Adv. No. 93–1517.

United States Bankruptcy Court,
N.D. Ohio E.D.

April 5, 1994.

David M. Coffey, Benesch, Friedlander, Coplan & Aronoff, Cleveland, OH, for plaintiff.

Craig R. Martahus, Thompson, Hine & Flory, Cleveland, OH, for defendant.

## MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Bankruptcy Judge.

This matter is before the Court on the Defendant's Motion to Dismiss. Generally, the Defendant alleges that the Plaintiff's preference action is barred by the statute of limitations set forth in 11 U.S.C. § 546(a). After hearing arguments of counsel, and reviewing the pleadings and record generally, the motion is denied.

### I.

This Court has core jurisdiction over this action to avoid and recover a preference pursuant to 28 U.S.C. §§ 157(b)(2)(F) and 1334.

### II.

Title 11 U.S.C. § 546(a) provides:

An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of—

(1) two years after the appointment of a trustee under section 702, 1104, 1163, 1302, or 1202 of this title; or

(2) the time the case is closed or dismissed.

Fed.R.Civ.P. 15(c), applicable per Bankruptcy Rule 7015, provides in part:

Relation Back of Amendments. An amendment of a pleading relates back to the date of the original pleading when:

(1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or

(2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or

(3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision

(2) is satisfied and, within the period provided by Rule 4(j) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party ...

Federal R.Civ.P. 4(j) provides, in part:

Summons: Time Limit for Service. If a service of the summons and complaint is not made upon the defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant....

Hupp Industries, Inc. (Hupp) filed its Chapter 11 petition on November 12, 1991. Pursuant to the plan of reorganization, the Official Committee of Unsecured Creditors (Plaintiff) was responsible for filing certain preference actions on behalf of Hupp.

On November 10, 1993, the Plaintiff filed a preference action, captioned *The Official Committee of Unsecured Creditors v. Schrader Bellows c/o Four–o–Fluid.* The summons and complaint were served by certified mail upon the Defendant at 2300 Delante Street, Fort Worth, Texas 76117. The signed return receipt shows November 29, 1993 as the date of delivery.

An amended complaint was filed on December 16, 1993. The only difference between the amended complaint and the original complaint is that the amended complaint changed the designation of the defendant to "Four–O–Fluid Power Sales, Inc." The amended complaint and summons were served by certified mail upon the Defendant at the same address: 2300 Delante Street, Fort Worth, Texas 76117, on December 27, 1993.

The parties do not dispute that the original complaint was timely filed, nor do they dispute that the Defendant received the com-

plaint via certified mail as indicated in the court record. The issue at bar is whether the statute of limitations set forth in § 546(a)(1) bars Plaintiff's amended complaint filed December 16, 1993 as Defendant asserts that the two-year statute of limitations of § 546(a)(1) applies to debtors in possession.

Plaintiff may prevail on either of two arguments submitted on its behalf; (1) that its amended complaint relates back to the date the original complaint was filed thereby complying with any applicable time limitation imposed by § 546(a)(1), or (2) that § 546(a)(1) does not apply to debtors-in-possession.

■ Federal R.Civ.P. 15(c) addresses relation back of amendments. Rule 15(c)(3) is applicable to the instant case pursuant to Bankruptcy Rule 7015. Rule 15(c)(3) is the applicable subsection. Rule 15(c)(3) has four requirements for relation back to occur: (1) the claim asserted in the amended pleading must arise out of the same conduct, transaction or occurrence set forth in the original pleading; (2) the party brought in by the amendment received notice of the institution of the action so the party is not prejudiced in maintaining a defense on the merits; (3) the party brought in by the amendment knew or should have known that, but for a mistake concerning the identity of the proper party the action would have been brought against the party; and (4) elements (2) and (3) must occur within the period provided by Rule 4(j) for service of the summons and complaint (within 120 days from the date of filing the complaint). *Lovelace v. O'Hara*, 985 .F.2d 847, 849–850 (6th Cir.1993).

■ Review of the amended complaint shows that the claims therein arose out of the same transaction set forth in the original complaint. Review of the record shows that, as of January 18, 1994, the Defendant had received the amended complaint, hired counsel and filed this motion to dismiss and an answer. These acts evince that Defendant had sufficient notice of the action so as not to be prejudiced and knew that, but for a mistake concerning the identity of the proper party, the action would have originally been brought against it. All of these events occurred within the 120–day period set forth in Rule 15(c)(3), by reference to Rule 4(j), for relation back, which period runs through March 12, 1994. There is no question that the elements of Rule 15(c)(3) for relation back have been met. The amended complaint relates back to the date of the original filing which was November 11, 1993.

■ The Defendant cites to *Schiavone v. Fortune*, 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986) and *In re Cook United, Inc.*, 117 B.R. 881 (Bankr.N.D.Ohio 1990) to support its argument that elements (2) and (3), referenced above, must be made prior to the statute of limitations having run. *See, Schiavone, supra,* 477 U.S. 21, 29, 106 S.Ct. 2379, 2384. Both *Schiavone* and *In re Cook United, Inc.* were decided prior to the 1991 amendment to Rule 15(c). Prior to its most recent amendment, Rule 15(c) required that elements (2) and (3) occur within the period provided by law for commencing the action against the party to be brought in by amendment.[1] The revision to Rule 15(c) clearly indicates that the statute has been changed to provide the additional time period set forth in Rule 4(j), i.e., 120 days from the date of filing the complaint.[2] The Defendant's argument is not well founded.

1. Prior to the 1991 amendment, Rule 15(c) read, in part, as follows:

   (c) *Relation Back of Amendments.* Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party to be brought in by

amendment that party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party....

2. The Advisory Committee Notes for the 1991 amendment to Rule 15(c) states that the rule was amended specifically to change the result in *Schiavone v. Fortune, supra.* The Note also references that name-correcting amendments were to be allowed within the time allowed by proposed

■ The second alternative basis upon which Plaintiff may prevail is the argument that the § 546(a)(1) statute of limitations does not apply to a Chapter 11 debtor-in-possession because no trustee has been appointed to trigger the running of the statute. Although a determination of this issue is not necessary for a ruling on the Defendant's motion, the Court will address the merits of the argument.

There is a split among the courts regarding the issue of whether the statute of limitations under § 546(a)(1) begins to run upon filing of a Chapter 11 case. Those circuit courts that have addressed the issue have held unanimously that § 546(a)(1) does apply to Chapter 11 debtors-in-possession. *Construction Management Servs. v. Manufacturers Hanover Trust Co.*, 13 F.3d 81, Bankr.L.Reporter (CCH) Para. 75,650 (3d Cir.1994); *In re Software Centre Intern., Inc.*, 994 F.2d 682 (9th Cir.1993); *Zilkha Energy Co. v. Leighton*, 920 F.2d 1520 (10th Cir.1990).

These courts reason that:

[Section] 546 is ambiguous; therefore, it must be construed. We do not believe that Congress intended to limit actions filed by an appointed trustee to two years without making the same restriction apply to a debtor in possession who is the functional equivalent of an appointed trustee. Because of the virtual identity of function between a trustee and a debtor in possession, there would be no reason to create a different limitation period for the filing of actions by the two fiduciaries. Moreover, when the balance of § 546 is considered, it is even more apparent that Congress intended for the word "trustee" to apply to a debtor in possession, for every reference to actions brought by a trustee contained in § 546 obviously applies to actions brought by a debtor in possession. A contrary analysis would deprive § 546 of significance in the majority of recovery actions filed in chapter 11 cases.

Consequently, we construe § 546(a)(1) to apply to actions filed by a debtor in posses-

sion, and we believe the period of limitation begins to run from the date of the filing of a petition for reorganization under chapter 11.

*In re Zilkha Energy Company*, 920 F.2d 1520, 1524 (10th Cir.1990).

The courts that hold contra are primarily bankruptcy courts. They point to the fact that § 546(a)(1), on its face, is unambiguous and refers only to trustees, not debtors-in-possession. *In re Software Centre Intern., Inc., supra,* at p. 683. Further, they dispute that a debtor-in-possession is the functional equivalent of a trustee because the practical effect of reorganization is different than liquidation. *Id.* Application of § 546(a)(1) ignores the fact that the debtor-in-possession must negotiate with the very creditor it may also have to sue. *Id.*

Although the Sixth Circuit has not spoken on this issue, this Court believes that the reasoning of the circuit courts mentioned herein renders the appropriate construction.

The statute of limitations set forth in § 546(a)(1) does apply to debtors-in-possession. The statute of limitations for Plaintiff's action ran on November 12, 1993. The original complaint was timely filed. The amended complaint, filed December 16, 1993, relates back to the date the original complaint was filed per Bankruptcy Rule 7015 and Fed. R.Civ.P. 15(c)(3). Accordingly, the action was filed timely and the motion to dismiss is denied.

IT IS SO ORDERED.

---

Rule 4(m). Although Rule 4(m) was never enacted, it was to allow name-correcting amendments within the 120 days specified in that rule, plus any additional time resulting from any extension ordered by the Court.