**EASTMAN KODAK COMPANY, a New Jersey corporation, Plaintiff–Appellee,**

v.

**WESTWAY MOTOR FREIGHT, INC., a Colorado corporation, Defendant–Appellant.**

**No. 91–1131.**

United States Court of Appeals, Tenth Circuit.

Nov. 12, 1991.

See also 758 F.Supp. 641.

---

Joseph J. Mellon, The Mellon Law Firm, Denver, Colo., for defendant-appellant.

Stephen E. Kapnik, Lohf, Shaiman & Ross, Denver, Colo., for plaintiff-appellee.

Before ANDERSON, TACHA and BRORBY, Circuit Judges.

TACHA, Circuit Judge.

Having previously conceded liability, Defendant–Appellant Westway Motor Freight, Inc. ("Westway") appeals a judgment for damages entered against it by the district court. On appeal, Westway raises three issues. First, appellant argues that the trial court erred in granting judgment in the amount of the full invoice value of the destroyed film. Second, Westway asserts that the trial court erred in denying it a credit against Eastman Kodak Company's ("Kodak") invoice value in recognition of the film's salvage value and savings realized by Kodak. Third, appellant argues that the trial court abused its discretion in calculating and awarding Kodak prejudgment interest at eight percent. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.[1]

In May 1987, Kodak shipped a load of sensitized photographic material on a truck operated by Westway from a Kodak production facility in Colorado to a Kodak

---

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

regional distribution center in California. On the bill of lading, the parties agreed that the temperature in the trailer carrying the goods would not rise above fifty degrees Fahrenheit. When the trailer was opened in California, the temperature inside was well above fifty degrees Fahrenheit and most of the photographic material was destroyed.

Kodak brought an action to recover its loss under the Interstate Commerce Act, 49 U.S.C. § 11707 (liability of common carriers under receipts and bills of lading). Because Westway admitted liability, the district court determined only the issue of the proper measure of damages. On a motion for summary judgment, the district court held that Kodak's damages should be determined by measuring the difference between the market value of goods delivered according to the contract specifications and the market value of the nonconforming goods. Taking into account a discount for a seven percent handling charge and the salvage value of the damaged film, the district court entered judgment at trial based on this market value rule. The district court also awarded prejudgment interest in the amount of eight percent.

█ With regard to the issues determined at trial, we review the district court's conclusions of law de novo. *United States ex rel. Bergen v. Lawrence*, 848 F.2d 1502, 1505 (10th Cir.), *cert. denied*, 488 U.S. 980, 109 S.Ct. 528, 102 L.Ed.2d 560 (1988). The district court's findings of fact will only be reversed if they are clearly erroneous. *Crawford v. Northeastern Okla. State Univ.*, 713 F.2d 586, 588 (10th Cir.1983).

█ We first address Westway's contention that the district court erred by granting Kodak's summary judgment motion that damages be measured under a market value approach. We review summary judgment orders de novo, using the same standards the district court applies. *Osgood v. State Farm Mut. Auto Ins. Co.*, 848 F.2d 141, 143 (10th Cir.1988). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with

the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *see Anderson v. Liberty Lobby*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986).

█ The district court based its conclusion on the fact that 49 U.S.C. § 11707 grants a remedy for "actual loss," which—as Westway concedes—traditionally is measured by the market value rule. *See Chicago, M. & St. Paul Ry. Co. v. McCaull-Dinsmore Co.*, 253 U.S. 97, 40 S.Ct. 504, 64 L.Ed. 801 (1920). On appeal, Westway contends that this case falls into the exception to the market value approach announced in *Illinois Cent. R.R. Co. v. Crail*, 281 U.S. 57, 50 S.Ct. 180, 74 L.Ed. 699 (1930). In *Illinois Central*, the Supreme Court held that the market value measure "may be discarded and other more accurate means resorted to if, for special reasons, it is not exact or otherwise not applicable." In *Gold Star Meat Co. v. Union Pac. R.R. Co.*, 438 F.2d 1270, 1273 (10th Cir.1971), we held that "[t]he burden of proof is on the carrier to show that the market value rule will not result in a just measure of actual damages." Kodak produced evidence that it sells virtually all of its sensitized photographic merchandise shortly after production is completed. This evidence tends to show that any damaged merchandise that could not be sold would result in lost profits.

We agree with the district court that Westway failed to satisfy its burden of proof in demonstrating "special reasons." Westway argues that it produced evidence in the form of affidavits demonstrating special reasons for not applying the market value measure of damages. Testimony in these affidavits suggests that Kodak was able to quickly replace the damaged goods, that Kodak lost neither customers nor sales, and that "Kodak would not have achieved any additional sales of the remaining damaged products but for this incident." However, these assertions—even taken in the light most favorable to Westway—fail to show that Kodak could not

have sold and earned profit on two batches of unharmed product. Moreover, despite the district court's allowance of ample time for discovery, Westway failed to offer evidence to rebut Kodak's claim that it sells virtually all of the sensitized photographic products it manufactures. Accordingly, we conclude that Westway did not demonstrate "special reasons" and the district court properly measured damages under the market value rule.

■ Westway further argues that even if the market value approach is correctly applied to most of the damaged shipment, it should not be applied to the damaged lithographic plates because a specific customer was identified as the purchaser of these plates. Westway contends that the existence of an identified buyer suggests that Kodak could not have made two sales of lithographic plates. We disagree. The record reveals that Kodak did indeed identify specific buyers for the lithographic plates, but this does not prove that Kodak had a limited market for this product. Westway presented no evidence that the lithographic plates were *produced* for specific customers. Moreover, Westway did not rebut Kodak's assertion that it could sell all of the merchandise it produced. Therefore, we conclude that it was not error for the district court to calculate damages based on the market value of the lithographic plates.

■ Westway next contends that even if market value is the correct way to measure Kodak's damages, the district court incorrectly used Kodak's full invoice price and ignored evidence as to the shipment's true market value. At trial, Kodak presented evidence that the wholesale price of the destroyed goods was the full invoice price. At no time did Westway present evidence that this merchandise would have been sold for a specific price, lower than that provided by Kodak. Instead, Westway merely offered evidence that Kodak sometimes sells this type of film at a reduced price.

Given the lack of specific evidence that this particular shipment of merchandise was to be sold at a reduced price, we conclude that the district court correctly measured Kodak's damages by utilizing the full invoice price.

Westway also asserts that the district court erred in calculating the credit against Kodak's invoice value in recognition of the salvage value of the damaged goods and the savings realized by Kodak. The district court credited Westway $25,000 for salvage value and $42,613.49 for savings realized. Salvage value was calculated as the estimated value of the damaged film after potential recovery and recycling. Westway contends that because Kodak could have sold the damaged film at a reduced price, it failed to mitigate its damages. Thus, Westway argues that the sale value of the salvageable film should have been used in calculating damages.

■ The defendant has the burden to prove that the plaintiff did not exercise reasonable diligence in mitigating its damages. *See Skinner v. Total Petroleum, Inc.*, 859 F.2d 1439, 1446 (10th Cir.1988). The aggrieved party need only take reasonable steps under the circumstances of the particular case to mitigate its damages. *See Hidalgo Properties, Inc., v. Wachovia Mortgage Co.*, 617 F.2d 196, 200 (10th Cir. 1980). The record demonstrates that Kodak has spent considerable resources in developing its reputation in the marketplace. The record also reveals that Kodak's reputation could be harmed if it was required to sell damaged merchandise in order to mitigate damages. Under the circumstances of this case, we agree with the district court that it would be unreasonable to require Kodak to subject its reputation to potential harm in order to mitigate its damages.[2]

■ Westway also argues that it is entitled to a thirty-seven percent credit because Kodak normally grants such a credit to any customer who voluntarily returns

2. We note that in a similar situation the United States District Court for the Southern District of Alabama also concluded that it would be unreasonable to force a company to mitigate damages if such mitigation would harm the company's reputation. *See Sony Magnetic Products of Am. v. Merivienti O/Y*, 668 F.Supp. 1505 (S.D.Ala. 1987), *aff'd*, 863 F.2d 1537 (11th Cir.1989).

damaged film. The record shows that Westway misconstrues the nature and the purpose of the credit Kodak offers. Kodak demonstrated that it offers a thirty percent credit to get damaged merchandise back from a seller before the film reaches the marketplace. When Kodak retains possession of the damaged goods, it does not offer a thirty percent credit. The record reveals, in this case, that Kodak has retained possession of the damaged product. Thus, we conclude that Westway was not entitled to the credit.

Finally, Westway asserts that the district court abused its discretion in awarding Kodak prejudgment interest in the amount of eight percent. In *U.S. Indus., Inc. v. Touche Ross & Co.*, 854 F.2d 1223 (10th Cir.1988), we announced that an award of prejudgment interest turns on a two-step analysis. The district court must first determine whether the award of prejudgment interest will compensate the injured party. Second, even if the award of prejudgment interest is compensatory in nature, the district court must "still determine whether the equities would preclude the award of prejudgment interest." *Id.* at 1257.

We must uphold a district court's determination of prejudgment interest unless there is an abuse of discretion. *See Federal Deposit Ins. Corp. v. Rocket Oil Co.*, 865 F.2d 1158, 1160 (10th Cir.1989). The record clearly demonstrates that the award of prejudgment interest will serve to compensate Kodak. Further, Westway has failed to provide sufficient reasons as to why the equities would preclude a prejudgment award in this case. Instead, Westway simply reasserts several of its legal arguments related to other issues in the case. Therefore, we conclude that the district court did not abuse its discretion in awarding Kodak prejudgment interest in the amount of eight percent.

The judgment of the district court is AFFIRMED. The mandate shall issue forthwith.