999 F.2d 548
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 ZILKHA ENERGY COMPANY, Plaintiff-Appellant,
v.
Arthur LEIGHTON, Verna Leighton, George W. Leighton, Susan
Kay Stansberry, Ann E. Thompson, and Michael Frank
Thompson, Defendants-Appellees.
 No. 92-6201.
 United States Court of Appeals, Tenth Circuit.
 June 28, 1993.
 
 Before EBEL, BARRETT and KELLY, Circuit Judges.
 ORDER AND JUDGMENT*
 PAUL KELLY, Jr., Circuit Judge.
 
 
 1
 Plaintiff-appellant Zilkha Energy Co. appeals from a judgment denying its claims for restitution and a judgment and award of damages in favor of Defendants-appellees Michael Thompson and Verna Leighton for unpaid road rentals. Our jurisdiction arises under 28 U.S.C. § 1291 and we affirm.
 
 
 2
 Zilkha, an oil and gas exploration company, leased properties from Defendants, on which it operated the Thompson No. 5-1 well. Zilkha brought suit to recover alleged overpayment of royalties. Defendants moved to dismiss, claiming that the applicable statute of limitations had expired. Zilkha responded that an equitable limitations period should have applied to its claims. Initially, the district court applied the statutory limitations period and dismissed Zilkha's claims. We remanded for a determination of whether an equitable limitations period was appropriate. Zilkha Energy Co. v. Leighton, 920 F.2d 1520 (10th Cir.1990). On remand, the trial court found that the claim was barred by the doctrine of laches, but still addressed the merits of the claim. Defendants counterclaimed for unpaid road rentals and shut-in royalty payments on the properties. At trial, the district court rejected Zilkha's overpayment claim and Defendants' counterclaims for shut-in royalty payments, but entered judgment in favor of Defendants Michael Thompson and Verna Leighton on their counterclaim for unpaid road rentals.
 
 
 3
 We review the trial court's findings of fact under the clearly erroneous standard, but review de novo questions of law. Fed.R.Civ.P. 52(a); Eastman Kodak Co. v. Westway Motor Freight, Inc., 949 F.2d 317, 319 (10th Cir.1991). The district court's conclusion that Plaintiff failed to demonstrate overpayments is not clearly erroneous. Direct, cross and recross examination of Plaintiff's primary witness on the issue raised substantial questions as to whether an overpayment actually occurred. See Aplt.App. at 510-39.
 
 
 4
 Nor did the district court abuse its discretion in determining that the claim should have been barred under the equitable doctrine of laches. The district court found that Plaintiff's delay in filing suit was inexcusable and that the delay prejudiced Defendants by causing them to overpay income taxes. Aplt.App. at 438-41. There was substantial evidence supporting the district court's finding that Defendants did not give Zilkha assurances that Defendants would correct the alleged overpayment, and that the delay in filing suit was therefore not excusable. There was also evidence before the district court that Plaintiff refrained from filing suit for an entirely different and unrelated business reason. In appealing the district court's conclusions and in support of its claim that its delay was excusable, Plaintiff cites only its affidavits in opposition to summary judgment. Aplt.Brief at 15-19. However, a court must determine factual issues such as the excusability of a delay in filing suit based on testimony and evidence actually introduced at trial, not on hearsay affidavits previously submitted on a summary judgment motion. Sufficient evidence supports the district court's finding that no assurances of payment were made, and therefore Plaintiff's delay was inexcusable. Aplt.App. at 42-43, 103-04.
 
 
 5
 Finally, we affirm the trial court's decision awarding Defendants Michael Thompson and Verna Leighton a total of $28,419.40 in unpaid road rentals. The plain language of the leases required payment of road rentals during the lease term until the land so utilized was returned to its original condition. Although Plaintiff argued "common practice" did not require such payment, no evidence was produced to support that argument. We find no error in the trial court's decision.
 
 
 6
 AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3