**CITY OF DES MOINES, IOWA, DEPARTMENT OF FINANCE, Plaintiff,**

v.

**Sheldon L. SOLOW, not individually but as the Trustee for Midway Airlines, Inc., Defendant.**

**TRAMCO, INC., Appellant,**

v.

**Sheldon L. SOLOW, not individually but as the Trustee for Midway Airlines, Inc., Appellee.**

**In re MIDWAY AIRLINES, INC., Debtor.**

**Nos. 94 CV 844, 94 CV 845, 93 A 1504 and 92 B 6449.**

United States District Court, N.D. Illinois, Eastern Division.

April 26, 1994.

John Frederick Young, Keck, Mahin & Cate, Chicago, IL, for City of Des Moines, Iowa.

Ellis B. Rozenzweig, Collins & Black, Chicago, IL, for Sheldon L. Solow and Midway Airlines, Inc.

John Frederick Young, Keck, Mahin & Cate, Chicago, IL, for Tramco, Inc.

## MEMORANDUM AND ORDER

MORAN, Chief Judge.

Midway Airlines, Inc. (Midway) filed for bankruptcy protection under chapter 11 on March 25, 1991. The chapter 11 case was converted to a chapter 7 case on November 27, 1991 and the chapter 7 trustee was appointed on January 31, 1992. He initiated these adversary proceedings in November 1993, more than two years after the chapter 11 petition was filed and less than two years before the chapter 7 conversion and the appointment of the chapter 7 trustee. The limitations period of 11 U.S.C. § 546(a) is two years. Appellants moved to dismiss, contending that the limitations period began running when the chapter 11 petition was filed. Bankruptcy Judge John H. Squires disagreed, concluding that the two-year period commenced running upon appointment of a chapter 7 trustee. He denied the motions. This appeal followed. We affirm.

The adversary complaints seek to avoid certain transfers as preferential payments within 11 U.S.C. § 547. Sec. 546(a) provides

that an action under sec. 547 "may not be commenced after the earlier of—

(1) two years after the appointment of a trustee under section 702, 1104, 1163, 1302 or 1202 of this title; or

(2) the time the case is closed or dismissed."

No chapter 11 trustee was ever appointed, and Sheldon L. Solow was appointed as chapter 7 trustee pursuant to sec. 702.

Appellants contend that Midway, as debtor-in-possession, had the same standing as a trustee to sue for avoidance pursuant to 11 U.S.C. § 1107(a), and that the two-year period commenced at the time the debtor filed its petition because the debtor-in-possession was in legal effect a trustee.

The statute plainly states that the two years runs from the date of the appointment of a trustee, not the filing of a petition. Some courts have carved out one exception—when no trustee is ever appointed the debtor-in-possession must act within two years; it cannot extend the time until two years after the case is closed or dismissed. Those cases do not purport to bar a trustee, should one be appointed, from bringing an action within two years and, indeed, have generally disclaimed any intention of so deciding. Further, we are not dealing here with any effort to extend the time by the appointment of successor trustees.

A debtor-in-possession has as its primary interest the reorganization of the business, which may influence any decisions respecting suits against possibly preferential payment by it to creditors whose cooperation is essential to a successful reorganization. Its reluctance to act may, indeed, be what leads to the appointment of a trustee. We think that the view, as expressed by Judge Schmetterer in *In re Pullman Constr. Indus., Inc.*, 132 B.R. 359, 360 (Bankr.N.D.Ill.1991), is preferable at least when a trustee has been appointed within two years of the petition, and we adopt it to that extent.