In re MILLERS COVE ENERGY CO., INC., Debtor.

The OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF MILLERS COVE ENERGY CO., INC., Plaintiff,

v.

David AUDUS; Banco Mercantile Miami—Banco Principal Divisas, Caracas, Venezuela; Carbones Naricual C.A.; John Clark; Donan Engineering, Inc.; Elmer Buchta Trucking; Michael H. Hagedoen Trust Acct., Tell City, Indiana; Marcoal, Inc.; Marcoal U.S.A.,

Inc.; Frederick Keady; First National Bank of Joliet, Illinois; Ralph Hix; Semca Equipment, Inc., Miami, Florida; Strachan Shipping Co.; Time Insurance Co.; and Millers Cove Resources, Inc., Defendants.

Bankruptcy No. 90–34050.
Adv. No. 93–3013.

United States Bankruptcy Court,
E.D. Tennessee.

Feb. 24, 1995.

Melnick & Moore, Neil S. Melnick, C. Allen Ragle, Knoxville, TN, for plaintiff Official Committee of Unsecured Creditors of Millers Cove Energy Co., Inc.

Egerton, McAfee, Armistead & Davis, P.C., W.W. Davis, Jr., Knoxville, TN, for defendant First Nat. Bank of Joliet, Ill.

Hodges, Doughty & Carson, Dean B. Farmer, James M. Cornelius, Jr., W. Tyler Chastain, Knoxville, TN, for defendant Millers Cove Resources, Inc.

Jessee & Jessee, Thomas C. Jessee, Johnson City, TN, for defendants Marcoal, Inc. and Marcoal U.S.A., Inc.

McCampbell & Young, P.C., J. Christopher Kirk, Tammy Kaousias, Knoxville, TN, for defendant Danco Engineering, Inc., f/d/b/a Donan Engineering, Inc.

O'Conner, Petty, Child & Boswell, Charles H. Child, William T. Magill, Knoxville, TN, for defendant Frederick D. Keady.

### *MEMORANDUM*

MARCIA PHILLIPS PARSONS,
Bankruptcy Judge.

This is an action for the avoidance and recovery of certain alleged fraudulent conveyances from the debtor to the various defendants brought by the Official Committee of Unsecured Creditors of the debtor, Millers Cove Energy Co., Inc. (the "Committee"), pursuant to 11 U.S.C. § 544(b). Presently pending before the court are the following matters: (1) motion to dismiss filed by Millers Cove Resources, Inc. ("MCR"); (2) motion to dismiss or, in the alternative, for summary judgment filed by Danco Engineering, Inc., f/d/b/a Donan Engineering, Inc. ("Danco"); (3) motion to dismiss the complaint as being time barred under 11 U.S.C. § 546(a) filed by Frederick Keady ("Keady"); and (4) motion to dismiss for failure to state a claim upon which relief can be granted or, in the alternative, for summary judgment filed by Keady. All of the motions to dismiss and for summary judgment assert, *inter alia,* that this action is barred by the applicable statute of limitations, 11 U.S.C. § 546(a). This court agrees and will therefore enter an order dismissing this adversary proceeding.[1]

### I.

The pertinent facts in this action are not in dispute. On October 12, 1990, an involuntary

1. Defendants Banco Mercantile Miami—Banco Principal Divisas, Caracas, Venezuela, and Michael Hagedoen Trust Account, Tell City, Indiana, were previously dismissed from this adversary proceeding by agreed orders entered May 12 and September 16, 1994, respectively. Defendant Chicago Fuel & Iron Co., Inc.

("CFI"), was dismissed by order entered May 25, 1994, upon the failure of the plaintiff to timely effect service of process. CFI, thereafter, moved the court to have its name stricken from the caption, which motion was granted by order entered October 21, 1994.

chapter 7 bankruptcy petition was filed against the debtor. An agreed order converting the case to chapter 11 was entered on November 30, 1990. Thereafter, on April 3, 1992, the Committee moved for leave to prosecute in the name and on behalf of the debtor certain adversary proceedings including the proceeding *sub judice*. After notice and a hearing, the court by order entered *nunc pro tunc* to April 3, 1992, granted the Committee's motion to prosecute the adversary proceedings and the Committee commenced this adversary proceeding on January 14, 1993. No trustee was ever appointed in this chapter 11 case, and the debtor obtained confirmation of its plan on April 25, 1994.

The movants assert that the two-year statute of limitations set forth in 11 U.S.C. § 546(a)(1), which provides that a bankruptcy trustee must bring any § 544 avoidance action within two years of the date of his appointment or before the case is closed or

dismissed, whichever is earlier, had run prior to the filing of this action. Movants argue that although § 546(a) speaks in terms of trustee, a chapter 11 debtor in possession, or any creditors' committee acting on its behalf, is the functional equivalent of a trustee and therefore must bring any avoidance action within two years of the entry of the order for relief. The Committee asserts to the contrary that the plain language of § 546(a) compels the conclusion that the statute of limitations has not even begun to run in this proceeding because no trustee has ever been appointed in this case and this bankruptcy case is still open.[2]

## II.

As noted above, this action was commenced[3] by the Committee on January 14, 1993, more than two years after the order for relief was entered on November 30, 1990. At the time this action was filed, 11 U.S.C.

**2.** There has been no assertion by the Committee that it is not bound by § 546(a)(1) to the same extent the debtor in possession would be if it were prosecuting this action. The April 3, 1992 order authorizing the Committee to bring this action authorized prosecution by the Committee "in the name and/or on behalf of Millers Cove Energy Co., Inc." and the complaint initiating this proceeding recites that the Committee has standing to bring this proceeding "on Debtor's behalf." Accordingly, this decision is based on the premise that an unsecured creditors' committee that undertakes the prosecution of avoidance actions steps into the shoes of the debtor in possession and is subject to the same limitations thereon. *See Chemical Separations Corp. v. Foster Wheeler Corp. (In re Chemical Separations Corp.),* 32 B.R. 816, 819 (Bankr.E.D.Tenn.1983) ("standing to sue [by a creditors' committee under 11 U.S.C. § 1109(b) ] means that the committee is plaintiff on behalf of the debtor and in the debtor's name"); *Official Committee of Unsecured Creditors of Joyanna Holitogs, Inc. v. I. Hyman Corp. (Matter of Joyanna Holitogs, Inc.),* 21 B.R. 323 (Bankr.S.D.N.Y.1982). For the most part, courts that have construed the applicability of § 546(a) to an avoidance action brought by a creditors' committee or a representative of the estate have concluded that they should be held to the same standards as a debtor in possession. *See, e.g., Crumley v. Tomen America, Inc. (In re National Steel Service Center, Inc.),* 170 B.R. 745 (Bankr.N.D.Ga.1994); *Official Committee of Unsecured Creditors v. Four–O–Fluid Power Sales, Inc. (In re Hupp Industries, Inc.),* 165 B.R. 836 (Bankr.N.D.Ohio 1994); *Bonwit Teller, Inc. v. Jewelmasters, Inc. (In re Hooker Investments,*

*Inc.),* 162 B.R. 426 (Bankr.S.D.N.Y.1993); *Saccurato v. Shawmut Bank, N.A. (In re Mars Stores, Inc.),* 150 B.R. 869 (Bankr.D.Mass.1993); *Steel, Inc. v. Windstein (Matter of Steel),* 55 B.R. 426 (Bankr.E.D.La.1985); *cf. Iron Oak Supply Corp. v. Nibco, Inc. (In re Iron–Oak Supply Corp.),* 162 B.R. 301 (Bankr.E.D.Cal.1993) (representative of estate appointed to prosecute avoidance actions pursuant to confirmed plan more analogous to trustee than debtor in possession).

**3.** MCR was not listed as a defendant when this action was originally filed on January 14, 1993. The Committee filed an amended complaint adding MCR as a defendant on April 4, 1994, although the court did not enter an order authorizing the Committee to amend its complaint to add MCR as a defendant until June 14, 1994. (The court had orally granted the motion to amend at a March 25, 1994 hearing.) MCR asserts that even if the court concludes that the two-year statute of limitations is inapplicable to debtors in possession, the statute commenced upon entry of the April 3, 1992 order which authorized the Committee to prosecute this action and had thus run by the time the Committee amended its complaint on April 4, 1994, to add MCR. *See Iron Oak Supply Corp.,* 162 B.R. 301; *Gibbons–Grable Assets Disposition Trust v. Water Pollution Central Corp. (In re Gibbons–Grable Co.),* 142 B.R. 164 (Bankr.N.D.Ohio 1992). Because this court concludes that the statute of limitations commenced when this case converted to a Chapter 11, and had run by the time the original complaint was filed, it is not necessary for the court to consider this issue.

§ 546(a) [4] provided that:

> [a]n action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of—
>
> (1) two years after the appointment of a trustee under section 702, 1104, 1163, 1302, or 1202 of this title; or
>
> (2) the time the case is closed or dismissed.

Few issues have generated the wealth of rulings as has the issue of whether the two-year statute of limitations of § 546(a) applies to a debtor in possession. Plainly § 546(a) contains no reference to a debtor in possession. Instead, considered in isolation, the clear language of the statute would appear to indicate that the running of the statute of limitations is triggered by the appointment of a trustee or the closing or dismissal of the case, whichever is earlier, and that if no trustee is ever appointed, the statute does not commence running until the case is closed or dismissed.

Relying on this "plain" language, the majority of lower courts [5] which have considered the issue have ruled that the word "trustee" in § 546(a)(1) does not include debtor in possession and that § 546(a)(1) does not place any time limits on a debtor in possession's right to file an avoidance action, refusing "to adopt any construction contrary to the statute's plain words and facial meaning." *See Pullman Construction Industries*, 132 B.R.

at 360 (*citing In re Korvettes, Inc.*, 67 B.R. 730, 733 (Bankr.S.D.N.Y.1986)).

Within the last couple of years, however, the issue has made it to the courts of appeals, resulting in reported decisions by the courts of appeals for the Second, Third, Fourth, Ninth and Tenth Circuits. *See United States Lines (S.A.), Inc. v. United States of America (In re McLean Industries, Inc.)*, 30 F.3d 385 (2nd Cir.1994) (*per curiam*), *cert. denied*, —— U.S. ——, 115 S.Ct. 934, 130 L.Ed.2d 880 (1995); *Maurice Sporting Goods, Inc. v. Maxway Corp. (In re Maxway Corp.)*, 27 F.3d 980 (4th Cir.1994), *cert. denied*, —— U.S. ——, 115 S.Ct. 580, 130 L.Ed.2d 495 (1994); *U.S. Brass & Copper Co. v. Caplan (In re Century Brass Products, Inc.)*, 22 F.3d 37 (2nd Cir.1994); *Construction Management Services, Inc. v. Manufacturers Hanover Trust Co. (In re Coastal Group, Inc.)*, 13 F.3d 81 (3rd Cir.1994); *Upgrade Corp. v. Government Technology Services., Inc. (In re Softwaire Centre Int'l, Inc.)*, 994 F.2d 682 (9th Cir.1993) (*per curiam*), *as amended on denial of reh'g*, (1993), *suggestion for reh'g en banc rejected*, (1993); *Zilkha Energy Co. v. Leighton*, 920 F.2d 1520 (10th Cir.1990), *appeal after remand*, 999 F.2d 548 (10th Cir.1993). All but one of the five circuit courts considering this issue, the exception being the Fourth Circuit in *Maxway*, have concluded that the two-year statute of limitations of § 546(a)(1) is applicable to a debtor in possession and commences upon the voluntary filing of a chapter 11 petition. [6] These circuits have held that

---

**4.** 11 U.S.C. § 546(a) was amended by the Bankruptcy Reform Act of 1994, Pub.L. No. 103–394, § 216, 108 Stat. 4106–27 (1994), but the amendment applies only to cases commenced after the enactment date of October 22, 1994.

**5.** *Salem v. Lawrence Lynch Corp. (In re Farrell & Howard Auctioneers, Inc.)*, 172 B.R. 712, 714 (Bankr.D.Mass.1994); *National Steel Service Center*, 170 B.R. at 748; *Tidwell v. Bank South (In re Denver/Robins Venture Partners, Ltd.)*, 166 B.R. 769, 774 (Bankr.M.D.Ga.1994); *Hooker Investments*, 162 B.R. at 435; *Brin–Mont Chemicals, Inc. v. Worth Chemical Corp. (In re Brin–Mont Chemicals, Inc.)*, 154 B.R. 903, 905–06 (M.D.N.C.1993); *Mars Stores*, 150 B.R. at 877; *Cardullo v. Dwyer Mechanical Corp. (In re Cardullo)*, 142 B.R. 138, 139 (Bankr.E.D.Va.1992); *Freedom Ford, Inc. v. Sun Bank and Trust Co. (In re Freedom Ford, Inc.)*, 140 B.R. 585, 586 (Bankr. M.D.Fla.1992); *Pate v. Hunt (In re Hunt)*, 136 B.R. 437, 447 (Bankr.N.D.Tex.1991); *In re Alle-*

*gheny Int'l, Inc.*, 136 B.R. 396, 400 (Bankr. W.D.Pa.1991), *aff'd*, 145 B.R. 823 (W.D.Pa. 1992); *Pullman Construction Industries, Inc. v. National Steel Service Center (In re Pullman Construction Indus., Inc.)*, 132 B.R. 359, 362 (Bankr. N.D.Ill.1991); *Katon v. Int'l Bank of Miami, N.A. (In re Tamiami Range & Gun Shop, Inc.)*, 130 B.R. 617, 619 (Bankr.S.D.Fla.1991).

**6.** Several lower courts, whose circuits have not yet ruled on the issue, have recently concluded likewise. *See Southern Technical College, Inc. v. Arkansas Television Co. (In re Southern Technical College, Inc.)*, 172 B.R. 253 (Bankr.E.D.Ark. 1994); *Harstad v. Egan & Sons Co. (In re Harstad)*, 170 B.R. 666 (D.Minn.1994); *Grabscheid v. Knox Metals Corp. (In re Luria Steel and Trading Corp.)*, 168 B.R. 913 (Bankr.N.D.Ill.1994); *Hupp Industries*, 165 B.R. 836; *Knapp v. Applewhite (In re Knapp)*, 146 B.R. 294 (Bankr.M.D.Fla. 1992); *Sparmal Enterprises, Inc. v. Moffitt Realty*

the lack of a reference in § 546(a) to debtors in possession is not dispositive because neither does § 544 permit a debtor in possession to bring the avoidance action. *See Century Brass Products,* 22 F.3d at 39. Instead, § 544, like the other avoidance statutes, authorizes "trustees" to bring avoidance actions. *Id. See also* 11 U.S.C. §§ 544, 547, 548, and 549 ("trustee" may avoid transfer of property). Authorization for an avoidance action by a debtor in possession is found in § 1107 which states in pertinent part as follows:

> Subject to any limitations on a trustee serving in a case under this chapter, and to such limitations or conditions as the court prescribes, a debtor in possession shall have all the rights ... and powers, and shall perform all the functions and duties ... of a trustee serving in a case under this chapter (emphasis supplied).

11 U.S.C. § 1107(a).

The Second, Third, Ninth and Tenth Circuits have observed that § 546(a) can not be read alone but must instead be read in conjunction with § 1107(a) which not only gives the debtor in possession authority to bring the action, but also imposes on the debtor in possession all the limitations imposed on a trustee, including § 546(a). *Softwaire Centre,* 994 F.2d at 683. As stated by the Second Circuit in *Century Brass Products:*

> This language [in § 1107(a) ] plainly allows a DIP to exercise the same power a trustee would have to bring a preference-avoid-

ance action. It equally plainly, however, subjects the DIP exercising the powers of the trustee to "any" restrictions that the Code imposes on trustees. We see no basis in the Code for carving out of this blanket provision an exception for § 546(a)'s statute of limitations. Accordingly, we read § 1107(a)'s authorization for a DIP to act "[s]ubject to any limitations on a trustee" to mean that the statute of limitations applicable to a trustee also applies to a DIP.

*Century Brass Products,* 22 F.3d at 39. The Second Circuit further noted that this interpretation is consistent with the legislative history to § 1107 which states:

> This section places a debtor in possession in the shoes of a trustee in every way. The debtor is given the rights and powers of a chapter 11 trustee. He is required to perform the functions and duties of a chapter 11 trustee (except investigative duties). He is also subject to any limitations on a chapter 11 trustee....

*Id.* at 40 *(quoting* S.Rep. No. 989, 95th Cong., 2nd Sess., 116 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5902).

Unfortunately, the Sixth Circuit Court of Appeals has not ruled on this issue. Only one bankruptcy court in this circuit has ruled on this exact issue, the bankruptcy court for the Northern District of Ohio, in *Hupp Industries,* and that decision agreed with the majority of the circuits that the statute applies to debtors in possession.[7] This court

Corp. *(In re Sparmal Enterprises, Inc.),* 126 B.R. 559 (S.D.Ind.1991).

7. Judge Cook of the Eastern District of Tennessee in a recent decision, *Farinash v. NationsBank of Tennessee, N.A. (In re John Hicks Oldsmobile–GMC Truck, Inc.),* 1994 WL 621531 (Bankr. E.D.Tenn.1994), considered the related issue of whether the two-year statute of limitations commenced upon the appointment of a chapter 11 trustee and continued to run though the subsequent conversion of the case to chapter 7, holding that the second, chapter 7 trustee did not have a new two-year statute of limitations in which to bring avoidance actions. The courts are split on this issue as well. *See, e.g., McCuskey v. Central Trailer Services, Ltd.,* 37 F.3d 1329 (8th Cir.1994), *rehearing denied,* (1994); *Ford v. Union Bank (In re San Joaquin Roast Beef),* 7 F.3d 1413 (9th Cir.1993); *Gillman v. Mark Oakes*

Trucking *(In re CVA Associates),* 171 B.R. 122 (D.Utah 1994); *Grabscheid v. Denbo Iron and Metal, Inc. (In re Luria Steel and Trading Corp.),* 164 B.R. 293 (Bankr.N.D.Ill.1994) (all holding that statute of limitations does not begin to run anew upon conversion of case in which a previous trustee was appointed). *Contra, e.g., Jobin v. Boryla (In re M & L Business Machine Co., Inc.),* 171 B.R. 383 (D.Colo.1994); *Hovis v. United Screen Printers, Inc. (In re Elkay Industries, Inc.),* 167 B.R. 404 (D.S.C.1994); *Roberts v. Seneca Petroleum Co., Inc. (In re Wikel Mfg. Co., Inc.),* 153 B.R. 183 (Bankr.N.D.Ohio 1993); *Martino v. Assco Associates, Inc. (In re SSS Enterprises, Inc.),* 145 B.R. 915 (Bankr.N.D.Ill.1992) (all holding that second trustee appointed upon conversion of case has new two-year statute of limitations).

In *Reese v. First Tennessee Bank, N.A. (In re Brook Meade Health Care Center, Inc.),* 165 B.R.

agrees that this construction is the correct one.

The courts rejecting this interpretation have done so based principally on the grounds that (1) a debtor in possession is not appointed and hence cannot be treated the same as a trustee for whom the limitation period runs from the time of appointment; (2) after several bankruptcy courts ruled that § 546(a)'s two-year limitations period did not apply to debtors in possession, Congress left § 546(a)(1) unchanged when it amended the Bankruptcy Code in 1984, in effect adopting the rulings of those courts; and (3) debtors in possession should not be subject to the two-year limitations period because the goals and functions of trustees and debtors in possession are not identical. *See Century Brass Products,* 22 F.3d at 40.

The circuits imposing the two-year statute of limitations on debtors in possession (the "Majority Circuits") have persuasively rebutted these arguments. First, with respect to the argument that § 546(a) does not apply to a debtor in possession because a debtor is not appointed, thus focusing on the phrase "appointment of trustee" in § 546(a)(1), the Majority Courts have rejected the emphasis on the word "appointment" as too literal because that term has been construed as general enough to include elected trustees.

*See Coastal Group,* 13 F.3d at 84 (*citing In re Black & Geddes, Inc.* 35 B.R. 827, 828–29 (Bankr.S.D.N.Y.1983)).

Secondly, with respect to the contention that Congress in effect adopted the pre–1984 court decisions that a debtor in possession is not subject to the two-year limitations period when it left § 546(a)(1) unchanged when it amended the Bankruptcy Code in 1984, the Majority Circuits noted that there is no indication in the legislative history to the 1984 amendments that Congress focused on this issue. *See Coastal Group,* 13 F.3d at 84. Further, in order for there to be a presumption that Congress in enacting a statute without change is aware of judicial interpretation of that statute and intends to adopt it, the judicial interpretation must be "settled judicial constructions." *Id.* The Majority Circuits concluded that the statute of limitations decisions that had been rendered prior to the 1984 amendments did not constitute "settled judicial constructions" because there were only two bankruptcy decisions on the issue and no district court or court of appeals decisions. *See Century Brass Products,* 22 F.3d at 40.

Finally, the Majority Circuits rejected the policy argument that equating a debtor in possession with a trustee "ignores the reality of reorganization" and would impede a debt-

195 (Bankr.M.D.Tenn.1994), Judge Lundin considered the related question of whether the two-year statute of limitations began to run from the appointment of the chapter 11 trustee in the case or from the earlier date on which the chapter 11 petition was filed. The court held that the avoidance action commenced by the chapter 11 trustee was not barred by the two-year statute of limitations because the proceeding was commenced within two years of the trustee's appointment. The court expressly noted, however, that it was "unnecessary to decide whether the two-year limitation in § 546(a)(1) limits avoidance actions by a Chapter 11 debtor in possession." *Id.* at 197. Again, this is an issue on which the courts are·split. *See, e.g., Styler v. Pennzoil Products Co. (In re Peterson Distributing, Inc.),* 176 B.R. 584 (Bankr.D.Utah 1995); *Stoebner v. Franco and Pacific Rarities, Inc. (In re T.G. Morgan, Inc.),* 175 B.R. 702 (Bankr.D.Minn.1994); *Steege v. Helmsley–Spear, Inc. (In re Superior Toy & Mfg. Co., Inc.),* 175 B.R. 693 (Bankr.N.D.Ill.1994); *England v. Whitney (In re California Canners & Growers),* 175 B.R. 346 (9th Cir. BAP 1994); *Biggs v. Biljo, Inc. (In re Goetz),* 175 B.R. 743 (Bankr.C.D.Cal.1994); *Brandt v. Gerardo (In re*

*Gerardo Leasing, Inc.),* 173 B.R. 379 (Bankr. N.D.Ill.1994); *City of Des Moines, Iowa v. Solow (In re Midway Airlines, Inc.),* 173 B.R. 148 (D.N.D.Ill.1994); *Liebersohn v. Rental Tools/Equipment (In re Nelson Co.),* 167 B.R. 1018 (Bankr.E.D.Pa.1994); *Eisen v. Harold Freeman Co. (In re Royal Acquisition Corp.),* 167 B.R. 456 (Bankr.N.D.Ohio 1994); *French v. F.A. Kohler Co. (In re Fisher),* 162 B.R. 474 (Bankr. N.D.Ohio 1993); *Daff v. Regal Recovery, Inc. (In re Continental Capital & Credit, Inc.),* 158 B.R. 828 (Bankr.C.D.Cal.1993); *Gibbons–Grable Co.,* 142 B.R. 164 (all holding that first appointed trustee has full two-year period in which to bring avoidance and recovery actions). *Contra, e.g., Schwartz v. Kursman (In re Harry Levin, Inc.),* 175 B.R. 560 (Bankr.E.D.Pa.1994); *Clark Oil and Trading Co. v. Haberbush (In re Sahuaro Petroleum & Asphalt Co.),* 170 B.R. 689 (C.D.Cal. 1994); *Dumas v. Research Testing Lab, Inc. (In re EPI Products USA, Inc.),* 162 B.R. 1 (Bankr. C.D.Cal.1993) (all holding that statute of limitations begins to run upon filing of voluntary chapter 11 petition and expires two years thereafter notwithstanding the subsequent appointment of a trustee or the conversion of case to chapter 7).

or's efforts to reorganize because the debtor would be forced to sue the very creditors with whom it was attempting to negotiate a plan of reorganization. *See Softwaire Centre,* 994 F.2d at 684 (*quoting Pullman Construction Industries,* 132 B.R. at 361). The Ninth Circuit noted that the debtor in possession has two years to negotiate before filing suit and nothing prevents further negotiations leading to a settlement after a suit is filed. *Id.* Further, this same policy argument against a two-year statute of limitations could be made about a chapter 11 trustee who has the same duties to fashion a plan of reorganization that a debtor in possession has. *Coastal Group,* 13 F.3d at 85. A chapter 11 trustee, like a debtor in possession, must negotiate and cooperate with the creditors who will vote or reject a plan, and yet Congress chose to impose a time bar on chapter 11 trustees just like chapter 7 trustees despite the chapter 11 trustee's reorganization responsibilities. *Id.* Any disagreement with this policy should be directed at Congress rather than judicially enacted. As stated by the Second Circuit:

> The provision for a two-year limitations period represents Congress's balancing of the interests of the debtor in negotiation and attention to other bankruptcy matters, against the interests of other persons in the repose of claims that may be made against them. Since we read the statute and its legislative history as subjecting the DIP to the same limitations as the trustee, we are not entitled to reweigh those interests.

*Century Brass Products,* 22 F.3d at 41.

The court believes that its holding is supported by the recent amendments to § 546(a) contained in the Bankruptcy Reform Act of 1994, enacted on October 22, 1994. Sec. 546(a) now reads as follows:

(a) An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of—

(1) the later of—

(A) 2 years after the entry of the order for relief; or

(B) 1 year after the appointment or election of the first trustee under section 702, 1104, 1163, 1202, or 1302 of this title if such appointment or such election occurs before the expiration of the period specified in subparagraph (A); or

(2) the time the case is closed or dismissed.

Pub.L. No. 103–394, § 216, 108 Stat. 4106, 4126–27 (1994).

Under the amendment, the two-year statute of limitations clearly begins to run upon entry of an order for relief, not upon the appointment of a trustee. If no trustee is appointed or elected under §§ 702, 1104, 1163, 1202 or 1302 within two years after entry of an order for relief, no action or proceeding under §§ 544, 545, 547, 548, or 553 may be commenced thereafter. If, however, a trustee is appointed or elected at any time during the two-year period after entry of an order for relief, the statute of limitations will not expire until the later of one year after such appointment or election or two years after entry of the order for relief. In no event may an action or proceeding under §§ 544, 545, 547, 548, or 553 be commenced after the case is closed or dismissed.

■ Although the amendment does not apply to pending cases such as this one, the amendment and the policies which it intends to promote may be taken into consideration by the court in determining the correct interpretation of the statute in question. *See John Hicks Oldsmobile–GMC Truck,* 1994 WL 621531 at *2. Moreover, although the legislative history is somewhat conflicting [8]

8. On October 4, 1994, Congressman Jack Brooks of Texas, a sponsor of H.R. 5116, the bill in the House of Representatives which became the Bankruptcy Reform Act of 1994, placed in the Congressional Record a section-by-section analysis of H.R. 5116 which stated the following with respect to the amendment to § 546(a):

> This section *clarifies* section 546(a)(1) of the Bankruptcy Code which imposes a 2–year statute of limitations within which an appointed trustee must bring an avoidance action. The purpose of a statute of limitations is to define the period of time that a party is at risk of suit ... (emphasis supplied).

*See* 140 Cong.Rec. H10752–01 (daily ed. Oct. 4, 1994). However, on October 7, 1994, after passage of the 1994 Act by Congress, but before it was signed into law by President Clinton, Rep. Brooks deleted the above statement from the record and inserted the following:

this court is convinced that the 1994 amendment to Sec. 546(a) did not reflect a change from nonapplicability to applicability of the statute of limitations to debtors in possession, but merely clarified that the statute was to be so applied. As stated by a fellow court in construing the former § 546(a)(1) in light of the 1994 amendments:

Clearly, section 546(a)(1) was amended by Congress against the backdrop of recent and numerous court decisions which differ over that section's proper interpretation. As such, I believe the amendment has provisions which were both intended to clarify and alter prior congressional intent.

The amendment clarifies, by the use of the phrase "appointment or such election," that the limitations period only applies in chapter 7 cases to the permanent, elected section 702 chapter 7 trustee. It also clarifies its applicability to debtors in possession, and with it, the possibility that the limitations period could expire and not be renewed upon the appointment of a statutory trustee. New section 546(a)(1) changes prior law by providing a limited renewal of the limitations period in certain circumstances.

*Harry Levin,* 175 B.R. at 578.

In conclusion, the court holds that the two-year statute of limitations provided by 11 U.S.C. § 546(a) is applicable to a debtor in possession who commences an action or proceeding under § 544 of the Bankruptcy Code. In this instance, where the Committee has commenced and is prosecuting an avoidance action under § 544 in the place and stead of the debtor in possession, the Committee is likewise bound by the two-year statute of limitations. Accordingly, the court will grant the motions of MCR and Danco and dismiss them from the adversary proceeding. Defendants First National Bank of Joliet, Illinois, Marcoal, Inc., and Marcoal U.S.A., Inc., raised the affirmative defense of the two-year statute of limitations of

§ 546(a)(1) as a bar to the action in their answers. Therefore, the court will also dismiss them from this adversary proceeding.

### III.

■ Also before the court is defendant Keady's motion for leave to amend his answer to include, *inter alia,* the statute of limitations bar of § 546(a)(1) as an affirmative defense. Keady first tendered a copy of a *pro se* answer to the clerk on December 28, 1993. After being advised by the clerk on at least two occasions that an answer containing an original signature was required for filing, the *pro se* answer containing his signature was filed on March 10, 1994. Subsequently, Keady obtained counsel who filed the motion for leave to amend and a copy of the amended answer which counsel desires to substitute in place of the *pro se* answer.

Fed.R.Civ.P. 15(a), as incorporated by Rule 7015 of the Federal Rules of Bankruptcy Procedure, provides that "leave shall be freely given when justice so requires." *See, e.g., Marlow v. Oakland Gin Co., Inc. (In re Julien Co.),* 128 B.R. 987, 989 (Bankr. W.D.Tenn.1991) (leave to amend answer to allege affirmative defense should be granted if it will not prejudice the opposing party). Although the Committee argues that the delay between the time of the filing of the *pro se* answer and the motion for leave to amend is "unduly lengthy," and that the amendment would be "unduly prejudicial" if allowed, this argument is not supported by any specific allegations as to why or how the Committee may be prejudiced by the amendment. To the contrary, the Committee acknowledges in its response that the legal issue concerning the statute of limitations has already been put at issue by other defendants. As a result, the court cannot find that the Committee will be prejudiced by allowing Keady to join the issue by amending his answer. And despite the complaints by the Committee concerning undue delay, the court's conclu-

This section defines the applicable statute of limitation period under section 546(a)(1) of the Bankruptcy Code as being two years from the entry of an order for relief or one year after the appointment of the first trustee if such appointment occurs before the expiration of the original two-year period. Adoption of this change

is not intended to create any negative inference or implication regarding the status of current law or interpretations of section 546(a)(1).... *See* 140 Cong.Rec. E2204–01 (daily ed. Oct. 7, 1994). The inconsistency of these two statements illustrates the difficulty in determining legislative intent.

sion to allow the amendment is buttressed by the fact that the Committee itself has been guilty of delay in choosing not to attempt to serve Keady with copies of a summons and complaint until November 5, 1993, almost ten months after the complaint was filed.

 More importantly, Keady must be permitted to raise the statute of limitation defense because § 546(a) is a jurisdictional provision. *See Martin v. First National Bank of Louisville (In re Butcher)*, 829 F.2d 596, 600–01 (6th Cir.1987), *cert. denied*, 484 U.S. 1078, 108 S.Ct. 1058, 98 L.Ed.2d 1020 (1988). As held by the Sixth Circuit Court of Appeals, if a complaint seeking to avoid a preferential or fraudulent transfer is *not* filed in accordance with § 546(a), a bankruptcy court has no jurisdiction to hear the action. *Id.* Accordingly, Keady's motion for leave to amend its answer will be granted along with its motion to dismiss and the court will dismiss Keady from this adversary proceeding.

## IV.

The court file indicates that the remaining defendant, Semca Equipment, Inc.—Miami, Florida ("Semca")[9], was apparently served *via* U.S. mail with copies of the complaint and summons by the Committee on November 9, 1993, although no responsive motion or pleading has ever been filed on its behalf. The Committee, however, has not previously moved for a default judgment or otherwise sought to prosecute the adversary proceeding against it. As Semca and the Committee are now both bound by the court's ruling concerning the statute of limitations, and this court having determined that it has no jurisdiction to hear this action, the court will also dismiss the adversary proceeding as to Semca.

An order will be entered in accordance with this *memorandum*.

---

9. Defendants David Audus, Carbones Narical C.A., John Clark, Elmer Buchta Trucking, Ralph Hix, Strachan Shipping Co., and Time Insurance Co. were not timely served with process and plaintiff's motion to serve these defendants outside the 120–day period was denied by order entered May 25, 1994.