

Opinions of the United
States Court of Appeals
for the Third Circuit

7-10-1998

# Robert Burton Assoc v. Preston Trucking Co

Precedential or Non-Precedential:

Docket 97-5363

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1998

Recommended Citation

"Robert Burton Assoc v. Preston Trucking Co" (1998). *1998 Decisions*. Paper 157.
http://digitalcommons.law.villanova.edu/thirdcircuit_1998/157

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1998 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed July 10, 1998

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 97-5363

ROBERT BURTON ASSOCIATES, INC.

v.

PRESTON TRUCKING COMPANY, INC.,

      Appellant

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 96-00745)

Argued May 21, 1998

BEFORE: SLOVITER, GREENBERG, and GIBSON,*
Circuit Judges

(Filed: July 10, 1998)

       Gerard F. Smith (argued)
       Law Offices of Gerard F. Smith
       One Broadway
       Suite 201
       Denville, NJ 07834

       George Carl Pezold
       Augello, Pezold & Hirschmann
       120 Main St.
       Huntington, NY 11743

       Attorneys for Appellee
_____

*Honorable John R. Gibson, Senior Judge of the United States Court of
Appeals for the Eighth Circuit, sitting by designation.

        Paul D. Keenan
        David S. Garber (argued)
        Buchanan Ingersoll
        500 College Road East
        Princeton, NJ 08540

         Attorneys for Appellant

OPINION OF THE COURT

GREENBERG, Circuit Judge.

This matter comes on before the court on defendant-appellant Preston Trucking Company Inc.'s appeal from an order of May 22, 1997, denying reconsideration of an order for summary judgment entered in this matter on March 25, 1997, in favor of plaintiff-appellee, Robert Burton Associates Inc. Burton, a shipper, brought this action against Preston, a carrier, under the Carmack Amendment for loss of merchandise in transit.[1] Preston concedes that it is liable to Burton and thus only damages are in dispute.

The district court set forth the facts and the legal issue involved in its amended letter opinion of March 18, 1997, as follows:

> The basic facts in this matter are not in dispute. Preston picked up eighty-one cases of cigarette papers from Burton's warehouse in West Caldwell, New Jersey, on or about December 28, 1994. Those eighty-one cases were not delivered to Burton's customer, Anpesil Distributors, Inc., ("Anpesil") in Jersey City, New Jersey. Neither Burton nor Preston can account for the whereabouts of the shipment. A replacement shipment of eighty-one cases of cigarette papers was delivered to Anpesil and Burton received payment in full.

> Preston concedes that it failed to deliver the goods. Therefore, the only dispute is whether Burton's damages in this case should be the market value of the goods or the replacement cost of the goods.

---

1. The Carmack Amendment as applicable to this appeal now appears at 49 U.S.C. S 14706 but previously was codified at 49 U.S.C. S 11707.

Preston points out, in harmony with the district court's findings, that Anpesil paid an invoice price for the replacement goods which was for "the same exact price that Burton intended to charge for the earlier shipment." Br. at 4. Moreover, the "replacement shipment included identical products in the identical quantities to the products that were contained in the lost shipment" and Burton's cost to "purchase, procure, warehouse, ship and generally in an all-encompassing manner service the needs of Anpesil on [the replacement] invoice . . . was 17,591.41."2 Br. at 4-5 (internal quotation marks omitted). Finally, Preston asserts that Burton had a sufficient quantity of replacement goods on hand both to replace the lost goods and to fill all its orders from all its customers.

Burton's entire statement of facts in its brief is the following:

> Appellee, Robert Burton, is a distributor of cigarette papers. Defendant, Preston Trucking is a motor common carrier. Appellee, Robert Burton, Inc., had sold 81 cases of cigarette papers to one of its customers, Anpesil Distributors, who tendered the goods to Preston for delivery to the customer and Preston lost and failed to deliver the goods. As a result, the customer did not pay for the goods. Plaintiff sued under the `Carmack Amendment' 49 U.S.C. S 11707, now 49 U.S.C. S 14706, for breach of contract of carriage and the District Court properly awarded damages in the amount of the invoice price. The damages awarded is in the amount of $55,928.99.

Br. at 1-2.3 Thus, Burton does not deny that Preston has stated the facts accurately.

The district court in its letter opinion noted that Preston argued that Burton's replacement cost is the appropriate measure of damages. The court, however, rejected this

_____

2. The actual amount was $17,591.47, app. at 212, but as a matter of convenience we use the figure of $17,591.41 which Preston advances.

3. The invoice amount actually was for $55,928.88, app. at 209, but the court entered judgment for $55,928.99. In the circumstances, as a matter of convenience we will use the latter figure.

3

measure of damages as it regarded it as being "more suitable when a consignee sustains the loss and is forced to go into the open market at destination to procure a replacement for the lost or damaged property," citing Chicago M. & St. Paul Ry. Co. v. McCaull–Dinsmore Co., 253 U.S. 97, 100, 40 S.Ct. 504, 505 (1920).

The district court then pointed out that Burton asserted that it was entitled to the market value of the goods. The court indicated that market value damages are awarded on the theory that an award of replacement costs does not compensate the plaintiff for "what he would have had if the contract [of delivery] had been performed," quoting Polaroid Corp. v. Schuster's Express, Inc., 484 F.2d 349, 351 (1st Cir. 1973) (internal quotation marks omitted).

The court then said that "[p]laintiff is, in effect, a lost volume seller, as it could have sold the replacement shipment to a separate customer to gain a profit had the first shipment not been lost by defendant." The court then reached the following conclusion:

> It is defendant's burden to come forward and show that special reasons exist why the market value rule should not be applied. See Eastman Kodak Co. v. Westway Motor Freight, Inc., 949 F.2d 317, 319 (10th Cir. 1991). Defendant has failed to shoulder its burden in this case. Defendant has not shown that plaintiff could not have earned a profit on two shipments: The shipment of the lost goods, had they been delivered, and the shipment of the replacement goods to a second buyer.

Accordingly, the court entered judgment against Preston for $55,928.99, the invoice value of the original (as well as of the second) shipment. Preston then moved for reconsideration but by order entered May 22, 1997, the district court denied this motion. Preston then appealed. While, as we have indicated, Preston concedes that it is liable to Burton, it contends its liability is limited to Burton's replacement costs for the 81 cases of cigarette papers rather than for the invoice value of the lost shipment.

4

Preliminarily we address a point Burton did not mention in its brief. As we noted above, Preston asserts that Burton did not lose any sales by reason of the loss of the original Anpesil shipment as (1) Burton replaced that shipment and Anpesil paid the full price for the second shipment; and (2) Burton filled all the orders of all its other customers as it had sufficient inventory to do so. Burton's attorney at oral argument suggested that Preston's assertions were not accurate and read from portions of a deposition, which were not included in the appendix, which he contended supported his argument.

In a post-argument submission which Burton's attorney filed with our authorization, he acknowledged that the foregoing portions of the deposition were not submitted to the district court. But in the submission he referred to a certification of a Burton employee, Carl Ioos, submitted on the summary judgment proceedings which indicated that after the loss of the 81 cases of cigarette paper"there was a drastic decline in sale of our goods in the market." The certification then indicated that what apparently happened was that Burton's goods had been stolen and wereflooding the market "at significantly reduced prices." Accordingly, Ioos claimed that it was "highly probable" that Burton lost sales because the goods stolen from it were competing with Burton's products.

Inasmuch as Burton did not make this argument in its brief, we might be justified in disregarding the certification. See Laborers' Int'l Union v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994). But we are reluctant to do so because, as we indicated above, the district court held that Burton "could have sold the replacement shipment to a separate customer to gain a profit had the first shipment not been lost by defendant." Inasmuch as the Ioos certification supports that conclusion, the district court might well have been considering it when it wrote its opinion. Thus, in seeking an order affirming the district court Burton arguably, albeit rather obliquely, has preserved the argument based on the Ioos certification. See Long v. Sears Roebuck & Co., 105 F.3d 1529, 1544 (3d Cir. 1997), cert. denied, 118 S.Ct. 1033 (1998). Accordingly, we will exercise our discretion and will consider the Ioos certification.

On the merits we will affirm the judgment on liability but will vacate the judgment on damages and will remand the case to the district court for further proceedings. Initially in addressing the merits, we point out that we do not doubt that ordinarily when the carrier is responsible for the loss of the goods in transit, the shipper is entitled to recover the contract price from the carrier. See, e.g., John Morrell & Co. v. Burlington Northern, Inc., 560 F.2d 277, 280 (7th Cir. 1977). Yet the Supreme Court has recognized that the"test of market value is at best but a convenient means of getting at the loss suffered. [Thus] [i]t may be discarded and other more accurate means resorted to, if, for special reasons, it is not exact or otherwise not applicable." Illinois Cent. R. R. Co. v. Crail, 281 U.S. 57, 64–65, 50 S.Ct. 180, 181 (1930). Of course, the carrier has the burden of proof to demonstrate that a court should deviate from the market value rule. See Eastman Kodak Co. v. Westway Motor Freight, Inc., 949 F.2d 317, 319 (10th Cir. 1991).

Preston may be able to meet that burden. Burton contracted with Anpesil to sell it 81 cases of cigarette papers for $55,928.99. It is undisputed that Anpesil paid Burton $55,928.99. Thus, Burton cannot claim that Anpesil did not pay it the contract price. Rather, Burton's direct monetary damages by reason of the loss of the original shipment were caused by its need to ship 162 cases of cigarette papers. These damages were the additional expenses it incurred by reason of the loss of the goods in transit, i.e., $17,591.41. Consequently, if Preston pays Burton $17,591.41, in one sense Burton will be whole, as it will have received the direct benefit of its bargain with Anpesil.

But in view of the Ioos certification the foregoing analysis is not complete. While it is true that Anpesil accepted and paid for the second shipment and that Burton was able to fill the orders of its other customers, according to the certification Burton lost sales by reason of the loss of the first shipment. Preston denies that the certification is accurate and it points to portions of the record to support its views. Yet in the procedural posture of this case, which is on appeal from an order for summary judgment, we cannot resolve this factual dispute. Accordingly, there is a

dispute as to material facts which requires us to remand the case to the district court for further proceedings to determine if Burton lost sales by reason of the loss of the 81 cases of cigarette papers.

On the remand Preston, as the carrier, will have the burden of proof to demonstrate that its loss of the 81 cases of cigarette papers did not cause Burton any loss of sales. If it satisfies that burden, the district court will enter judgment in favor of Burton against Preston for $17,591.41 because awarding Burton the invoice price for the lost shipment would grant it in an unjustified windfall. But if Preston cannot establish that Burton did not lose any sales by reason of the loss of the goods, the district court will enter judgment against Preston for $55,928.99, the invoice price. If the district court finds that Burton lost sales by reason of the loss of the merchandise it should not attempt to quantify the inherently uncertain amount of the loss. Thus, unless Preston establishes that Burton did not lose any sales by reason of the loss of the 81 cases of cigarette papers, it will not have demonstrated that the court should deviate from the market value rule.

In the circumstances, we will affirm the order of summary judgment entered on March 25, 1997, as to liability but will vacate the order with respect to the calculation of damages and will remand the case to the district court for further proceedings to calculate damages in accordance with this opinion. The parties will bear their own costs on this appeal.

A True Copy:
Teste:

      Clerk of the United States Court of Appeals
      for the Third Circuit